﻿Citation Nr: 18104736
Decision Date: 05/23/18 Archive Date: 05/22/18

DOCKET NO. 10-26 518
DATE: May 23, 2018
ISSUES DECIDED: 1 ISSUES REMANDED: 0
ORDER
Entitlement to service connection for degenerative disk disease of the cervical spine is denied.
FINDING OF FACT 
The Veteran’s degenerative disk disease of the cervical spine did not manifest to a compensable degree within the applicable presumptive period; continuity of symptomatology is not established; and is not otherwise shown to be etiologically related to an in-service injury, event, or disease.
CONCLUSION OF LAW
The criteria for service connection for degenerative disk disease of the cervical spine have not been met. 38 U.S.C. §§ 1110, 1112, 1113, 5107(b) (2012); 38 C.F.R. §§ 3.102, 3.303(a)-(b), (d), 3.307, 3.309(a) (2017).
REASONS AND BASES FOR FINDING AND CONCLUSION
The Veteran served on active duty in the Army from July 1969 to January 1972, including in the Republic of Vietnam.
This matter comes before the Board of Veterans’ Appeals (Board) on appeal of a January 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Huntington, West Virginia. Jurisdiction currently resides with the RO in Detroit, Michigan. 
In September 2010, the Veteran and his spouse testified at a hearing before a RO Decision Review Officer. In September 2011, the Veteran and his spouse testified during a Travel Board hearing before the undersigned Veterans Law Judge (VLJ). Transcripts of these hearings are associated with the claims file. 
This matter was initially before the Board in February 2012, when it was remanded for further evidentiary development. It was again before the Board in October 2015, when the claim was denied. The Veteran appealed the denial of the claim to the United States Court of Appeals for Veterans Claims (Court), which in July 2016, granted a Joint Motion for Remand (JMR) of the parties (VA Secretary and the Veteran), and vacated the Board’s decision and remanded the case for readjudication consistent with the Motion. 
This matter has been remanded to the RO twice since the Court’s action, once in November 2016, for further development including a VA examination, and again in September 2017 for an addendum medical opinion.
VA’s Duty to Notify and Assist
Pursuant to the Veterans Claims Assistance Act of 2000 (VCAA), VA has duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C. §§ 5100, 5102, 5103, 5103A, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a). See Pelegrini v. Principi, 18 Vet. App. 112 (2004); Quartuccio v. Principi, 16 Vet. App. 183 (2002); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). A VA letter issued in December 2007 satisfied the duty to notify provisions with respect to service connection and notified the Veteran of the regulations pertinent to the establishment of an effective date and disability rating.
Identified VA medical treatment records, service medical treatment records, and private medical treatment records have been associated with the claims file. The Veteran was provided with a notice letter in March 2012 and was asked to complete and return release forms with respect to any relevant private medical treatment, including from a Dr. M.T, who the Veteran claimed had treated him for cervical spine problems. The Veteran did not respond with a release form, or produce the records from Dr. M.T. VA’s duty to assist is not a one-way street; if the Veteran wishes help, he cannot passively wait for it in those circumstances where his own actions are essential in obtaining the putative evidence. Wood v. Derwinski, 1 Vet. App. 190, 193 (1991). The Board’s previous remand directives relating to records were adequately completed. See Stegall v. West, 11 Vet. App. 268 (1998); D’Aries v. Peake, 22 Vet. App. 97 (2008).
The Veteran was provided a VA medical examination in January 2010 to determine the nature and etiology of his cervical spine disability. 38 C.F.R. § 3.159(c)(4). The VA examiner performed a physical examination of the Veteran’s spine, listed the diagnosis of the cervical spine, reviewed the claims folder, described the Veteran’s reported history, and provided an opinion with supporting rationale. The examiner referred to the evidence and explained that the cervical muscle strain resolved. The Veteran underwent another spinal examination in November 2016, as required by the Court’s remand order.
In the September 2017 remand order, the Board requested that the VA examiner provide an addendum medical opinion to “address the Veteran’s contentions that an in-service injury caused his current cervical spine disability.” Specifically, the examiner was asked to address the service treatment records, which reflect that the Veteran was struck in the left shoulder by a 105 mm Howitzer. The impression in the service treatment records was listed as “nondisplaced fracture of the left distal clavicle, facial laceration and a cervical muscle strain.” The VA examiner returned an examination report that specifically referenced and considered the Veteran’s in-service injury. See C & P Exam Record, September 19, 2017. The examiner indicated that arthritis is a normal part of the aging process, and that there is no nexus between the Veteran’s injury and his current diagnosis. She noted the long gap between the Veteran’s in-service complaints and the presentation of degenerative disk disease. The examiner concluded that it was less likely than not that the Veteran’s degenerative disk disease was incurred in or caused by the claimed in-service injury.
The Veteran submitted an appellate brief arguing that the September 2017 addendum opinion was deficient because it echoed previous reports and relied on absence of in-service documentation. See Appellate Brief, September 9, 2018. However, the Board disagrees because the VA examiner complied with the Board’s directive to consider the Veteran’s in-service injury, provided adequate rationale for her opinion, and completed review of relevant records. This constitutes substantial compliance with the Board’s remand directive, and satisfies the duty to provide an adequate examination. Stegall v. West, 11 Vet. App. 268, 271 (1998); Barr v. Nicholson, 21 Vet. App. 303, 311 (2007).
Service Connection
Service connection for chronic diseases listed in 38 U.S.C. § 1101(3) and 38 C.F.R. § 3.309(a) may be established on a presumptive basis if the chronic disease was shown as chronic in service; manifested to a compensable degree within a presumptive period, usually one year, after separation from service; or was noted in service with continuity of symptomatology since service. 38 U.S.C. §§ 1112, 1113; Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013); 38 C.F.R. §§ 3.303(b), 3.307, 3.309(a).
Degenerative disk disease, when diagnosed as, or in conjunction with, arthritis, is considered a chronic disease under 38 C.F.R. § 3.309(a). Therefore, presumptive service connection under 38 C.F.R. § 3.303(b) can be established by showing continuity of symptomatology within the statutory period. Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). In the case of arthritic degenerative disk disease, the condition must be found to have manifested to an extent of ten percent or more disabling within one year of separation from service. 38 C.F.R. §§ 3.309(a), 3.307(a)(3). 
If the presumption is inapplicable, service connection may still be established on a direct basis. Direct service connection is established when there is competent, credible evidence of (1) a current disability, (2) in-service incurrence or aggravation of an injury or disease, and (3) a nexus, or link, between the current disability and the in-service disease or injury. 38 U.S.C. §§ 1110, 1131; Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009); 38 C.F.R. § 3.303(a), (d).
The Veteran has a current diagnosis of degenerative disk disease of the cervical spine. Degenerative disk disease was first diagnosed in a VA examination in 2010, and confirmed by the VA examiner in September 2017. The cervical spine strain suffered in service was classified as resolved in the 2010 examination report.
The medical records show that the Veteran had an in-service injury, in which he was hit by the recoil of an artillery piece in November 1970. The examination impression was listed as a nondisplaced fracture of the left distal clavicle, facial laceration and a cervical muscle strain.
The question for the Board is whether a nexus can be established between the current diagnosis and the in-service injury. In conjunction with this analysis, the Board has noted the following factual background.
A November 1970 service medical treatment record noted that the Veteran had been hit by the recoil of a 105 mm Howitzer in the left lateral orbit that morning. It was reported as having been forceful enough to make him roll over. He was not unconscious. There was a laceration of the left facial area. There was also pain in his left shoulder and the recoil may have hit him there also. The examining physician felt he needed to be evacuated to Cam Ranh Bay to 483rd AF Hospital for proper x-ray studies, observation, etc. 
A November 1970 clinical record from the 483 USAF Hosp 96326 indicated that the Veteran was hospitalized for 9 days and admitted on November 19, 1970. The Veteran was noted to have been struck in the left shoulder by a Howitzer without the loss of consciousness. The examination reflected cervical muscle pain and spasm, and laceration to the left eye. The impression was listed as nondisplaced fracture of the left distal clavicle, facial laceration, and cervical muscle strain. He was discharged to duty and put on a profile with no use of left arm. He was prescribed minimal use of the left arm and a sling. 
A December 1970 orthopedic clinic note shows that the Veteran was seen for a follow-up of the fracture of the left clavicle. There was good union and full range of motion to the left shoulder joint. He was told to lightly use his left arm for three weeks then full use.
A December 1971 report of medical history shows that the Veteran reported recurrent back pain. However, while he noted that he was hospitalized in 1970 for injuries from being hit by recoil of M102 Howitzer, in the physician’s summary and elaboration of all pertinent data, the diagnoses were listed as history of high frequency hearing loss, sinus difficulties, occasional sternal soreness- S.O.B, and occasional abd. pains- vague in etiology, injury 1970 in Germany with recurrent low back pain- spasms, and left ankle- weak- sprain X 3. There was no mention of any chronic cervical spine pain or neck pain. 
A December 1971 report of medical examination shows that the Veteran’s spine and head, face, neck and scalp were clinically evaluated as normal. 
In November 1972, the Veteran filed a claim for service connection for back injury received during Germany tour, “left collar bone fractured during tour of Vietnam. Hit with recoil of M102 Howitzer during fire mission. November 19, 1970”, and “[s]prained left ankle twice (2) during tour of Vietnam during September.” When the Veteran was asked to describe his treatment, he stated that he was treated at the USAF Hosp, Cam Ranh Bay, RVN, from November 18 to November 28, 1970. He reported that the nature of sickness, disease or injury was a fractured left clavicle and bruised shoulder joint. He did not mention any cervical spine complaints. See VA Form 21-526e, received January 28, 1972.
The Veteran was provided a VA medical examination in April 1972. He reported that he fell down a hill in Germany in 1970 and hurt his back. He also reported that he broke his left collar bone in November 1970 when firing a howitzer. The Veteran reported back pains to the low and mid back. He did not mention the cervical spine. On examination, the examiner evaluated the Veteran’s head, face, and neck as normal. Examination of the musculo-skeletal system noted normal range of motion in the left shoulder and a visible and palpable deformity of left clavicular. The examiner noted that there was a normal spinal curve of the back. The diagnoses were listed as old fracture of the left clavicle, history of low back injury, and reduced hearing, left ear.
The Veteran submitted numerous medical treatment records from his former employer, General Motors. An August 1975 examination for a new hire noted that the Veteran’s head, neck, face, and scalp were evaluated as normal. It was noted that the Veteran had scoliosis. When asked about his medical history, the Veteran stated that he was a patient in a hospital in November 1970 for an injury described as “fractured collar bone.” He stated that he had been on sick leave of absence once in the past four years for low back strain. He did not report any neck or cervical spine complaints. The medical treatment records show numerous complaints of lumbar pain in 1975 and 1978. A September 1977 treatment record indicated a muscle spasm in the neck. A January 1985 treatment record noted back/neck pain. Another January 1985 treatment record noted steam pack to the cervical spine. 
An October 2007 X-ray report of the cervical spine noted that alignment was maintained and there was no acute fracture or spondylolisthesis. The impression was cervical spondylosis at the level of C6-C7. 
The Veteran submitted photocopies of letters that he reportedly sent during his period of active military service. In the letters, he mentioned being hit by a howitzer, but did not mention any spine or neck pain. 
The Veteran was provided a VA medical examination in January 2010. The claims folder was reviewed. The Veteran reported that he was hit with the recoil of a cannon in 1970. Medical treatment consisted of a sling. It was noted that the Veteran did not have any treatment. The section entitled medical history noted that the Veteran was hospitalized in 1970 after being hit by recoil from a howitzer. A January 2010 X-ray of the cervical spine reflected an impression of degenerative disc disease. The examiner opined that the Veteran’s resolved cervical muscle strain with no residual functional deficit is not caused by or a result of military service. The rationale noted that per the Veteran’s own statement, he did not receive any treatment for his cervical spine in the military. 
During the Veteran’s hearing before the undersigned VLJ, he testified that he injured his neck when he was “hit upside the head with recoil of a cannon in Vietnam.” See hearing transcript pg. 7. He stated that he was taken to the hospital in Cam Ranh Bay. He said that the dysfunction that he had with his left shoulder and neck was increasingly worse. When asked by the VLJ as to whether he had symptoms since his injury, the Veteran responded yes. Hearing transcript pg. 21. However, then he testified that when he was hired in 1972, he stated that he would not have been hired had they identified a cervical spine disability when examined. He stated that he was having virtually no issues at that time. He stated that he could not say when he first had symptoms of a cervical spine disability but it had been “A lot of years.” Hearing transcript pg. 28. His wife testified that she had known the Veteran since his injury and observed his pain. Hearing transcript, pg. 56.
Thus, the question is whether the Veteran’s current degenerative disk disease is related to his in-service cervical muscle strain. The Board finds that the most probative evidence does not support a relationship between the in-service injury and his current diagnosis of degenerative disk disease of the cervical spine. 
The Board has considered the lay statements and hearing testimony of the Veteran and his wife regarding continuity of symptomatology. The Veteran and his wife are competent to provide testimony regarding symptoms of pain. See, e.g., Falzone v. Brown, 8 Vet. App. 398, 405 (1995) (layperson is competent to testify to pain). However, for the reasons given hereafter, the Board does not find the testimony to be credible with respect to continuity of symptomatology.
The Veteran’s contemporary medical records from the time of the injury do not contain evidence of a cervical spine condition or chronic pain. There is no indication of spine or neck pain in the service treatment records after the Veteran’s injury and hospitalization in November 1970. The separation report of medical examination shows that the Veteran’s head, face, neck, and scalp were clinically evaluated as normal. Furthermore, the Veteran applied for VA disability compensation relating to back injuries, shoulder, and ankle injuries in 1972. However, he did not include spine or neck pain as part of his claim for benefits. This omission is not consistent with continuity of cervical spine symptoms after the in-service injury. It is the Board’s responsibility to evaluate the probative value of all evidence. See Owens v. Brown, 7 Vet. App. 429 (1995). The Board assigns high probative value to the contemporary examination reports, and does not find it reasonable that the Veteran would suffer from chronic neck or cervical pain and make no mention of it when reporting other ailments.
The Veteran’s new hire examination for General Motors in 1975 documented no issues with the neck or cervical spine. The Veteran provided contradictory testimony during his 2011 hearing, namely that he experienced virtually no symptoms and wasn’t being adversely affected at the time he was hired by General Motors, but also that the symptoms, including pain, had existed since service. Hearing transcript pg. 21, 28. He indicated that General Motors would not have hired him if he had complained of, or if they had identified, a cervical spine disability. See id. at 28. The presence of conflicting testimony negatively impacts the Veteran’s credibility. See Buchanan v. Nicholson, 451 F.3d 1331, 1337 (Fed. Cir. 2006) (Board can consider bias in lay evidence, conflicting statements of the Veteran, and the significant time delay between the affiants’ observations and the date on which the statements were written in weighing credibility). 
The Board acknowledges the 2011 hearing testimony from the Veteran’s wife regarding her observations of the Veteran in pain since the time of the injury. However, the Veteran has had numerous other complaints of pain related to his back as documented by the objective evidence of record, and the Veteran’s wife did not indicate that she was referring to neck or spinal pain. 
The first mention of neck or spine pain in the medical record after the in-service injury was in September 1977, approximately five years and seven months after the Veteran’s separation from service. This is well outside the one-year period of manifestation required by statute. See 38 U.S.C. § 1112(a)(1); 38 C.F.R. §§ 3.307(a)(3); 3.309(a). After careful consideration, the Board finds that there is no indication that the Veteran’s symptoms manifested within one year, therefore, service connection on the basis of continuity of symptomatology is not warranted. 
The Board recognizes the Veteran’s belief that his current cervical spine disability is related to active service. As noted above, his statements regarding an etiological relationship based on chronic symptoms are not considered probative as the Veteran has not been found to be credible with respect to his reports of continuity of symptoms. Concerning any other statements regarding an etiological relationship between his current disability and active service, neither the Veteran nor his wife has been shown to possess the medical expertise or knowledge to provide such an opinion. An opinion as to a direct relationship between degenerative disk disease of the cervical spine and active service, specifically an in-service injury, is considered a complex medical question. See Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011). Consequently, the Board attributes greater probative value to the VA examiner’s opinion. 
A VA physician conducted an in-person examination of the Veteran in November 2016, and an evaluation of the Veteran’s claims file in September 2017. The physician determined that it was less likely than not that the Veteran’s degenerative disk disease is related to his in-service injury. She explained that degenerative disk disease is part of the normal aging process. The examiner reviewed the claims file, considered the relevant diagnostic test results, and discussed the Veteran’s medical history and in-service injury. Her rationale provides sufficient detail and reasoning for the Board to determine the basis of her medical opinion. See Barr v. Nicholson, 21 Vet. App. 303, 307 (2007). As a result, the Board finds the 2017 examiner’s opinion to be adequate and highly probative. As such, the Board finds that the service treatment records demonstrate no worse than acute, temporary neck pain or muscle strain that resolved without requiring extended or additional treatment or evaluation.
After considering all the evidence under the laws and regulations set forth above, the Board concludes that the Veteran is not entitled to service connection for degenerative disease of the cervical spine because the most probative evidence of record is against a finding of continuity of symptoms for a chronic disease within one year of separation from service and against a finding that there is a relationship between a current disability and an event, injury, or disease occurring in service. Accordingly, the Board finds that the preponderance of the evidence is against the 
 
Veteran’s claim. Because the preponderance of the evidence is against the Veteran’s claim, the benefit-of-the-doubt doctrine does not apply. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.
 
U. R. POWELL
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD D. Reed, Associate Counsel